[Crim. No. 1546. Second Appellate District, Division Two.—December 1, 1927.]

THE PEOPLE, Respondent, v. D. M. BLACKMORE, Appellant.

Hugh L. Dickson for Appellant.

U. S. Webb, Attorney-General, and John M. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

WORKS, P. J.—Defendant was convicted of the crime of embezzlement and appeals from the judgment.

The property which was the subject of the crime was an automobile. Appellant sold the car to a certain corporation for the sum of $1,675 and the corporation executed back to him a conditional contract of sale, the car remaining in appellant's possession. Thereafter the alleged embezzlement occurred. Appellant's sole contention is that

at the time he sold the car to the corporation no delivery of possession was made, and this point is based upon the single ground that appellant, at the time of the sale, never delivered to the corporation a certain "pink slip" of paper. This slip is referred to continually in the testimony, and the evidence is undisputed that it was never, either at the time of the sale, or afterward, delivered.

In his brief appellant does not acquaint us with the nature of the "pink slip," but his entire argument is based upon the idea that if it had been delivered the corporation would have been vested with the title to the car. It is possible that the slip was the certificate of registration referred to in sections 41 and 45 of the Motor Vehicle Act (Act 5128, Deering's Gen. Laws, 1923), but whether it was or not, we repeat that appellant treats it as if it were an all-sufficient muniment of title to the automobile. We think appellant is estopped to assert that the paper was not delivered to the corporation. Not only did he take from the organization the conditional contract of sale, which necessarily was based upon the idea that the corporation was the owner of the car, but the evidence showed that at the time the contract was delivered to him appellant promised to make delivery of the pink slip, and that he repeatedly put off the officers of the corporation afterward with the same promise. Under such circumstances he cannot be heard to deny the corporation's title. ▉ The doctrine of estoppel has often been applied in criminal cases, notably in *People* v. *Royce*, 106 Cal. 173 [37 Pac. 630, 39 Pac. 524], and in *People* v. *Leonard*, 106 Cal. 302 [39 Pac. 617]. We think it has a ready application here.

Judgment affirmed.

Craig, J., and Thompson, J., concurred.